SALTERS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 104.   Argued October 8, 1971.—Decided November 2, 1971.*
(Also reported in 191 N. W. 2d 19.)

For the plaintiff in error there was a brief by *Rowlee & Styler* of Milwaukee, and oral argument by *Wayne E. Rowlee.*

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J. Two issues are raised in this review:

1. Was the ultimate guilty plea voluntary?

2. Did the action of the circuit court expose defendant to double jeopardy?

*Voluntariness of guilty plea.*

Our initial inquiry must be directed to the question of whether the plea of guilty entered during the second

proceedings, held with Judge RASKIN presiding, was voluntary. One of the four reasons for finding a manifest injustice which would support the vacation of a guilty plea, as listed in *State v. Reppin*,[1] is that the plea is not voluntary. The philosophical position of the defendant here is that a bargained plea can never be truly voluntary. The argument is that faced with the option of standing trial on the first-degree murder charge or pleading to the reduced charge (homicide by reckless conduct) the defendant was placed in a coercive situation. Had he been convicted of first-degree murder, defendant would have faced life imprisonment. The assertion is that any plea alternative to first-degree murder would be so attractive as to compel the defendant to choose it.

Recognizing this attack on one of the principal phases of plea bargaining, this court said in *Rahhal v. State:*[2]

". . . Threatening a defendant or intimating a greater sentence will be meted out if defendant goes to trial and is found guilty than if he pleads guilty has been condemned as being coercive. [Citations omitted.]

"However, a plea otherwise valid is not involuntary because induced or motivated by the defendant's desire to get the lesser penalty. A voluntary and intelligent choice always involves two or more alternatives, each having some compelling power of acceptance. The fact that a defendant must make a choice between two reasonable alternatives and take the consequences is not coercive of the choice finally made. The distinction between a motivation which induces and a force which compels the human mind to act must always be kept in focus. When the defendant is not given a fair or reasonable alternative to choose from, the choice is legally coerced."

The essential determination in judging this aspect of plea bargaining must be as to the reasonableness of the alternative presented to the defendant.

---

[1] (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.

[2] Ante, p. 144, 151, 152, 187 N. W. 2d 800.

In *Brady v. United States* [3] the Supreme Court of the United States upheld the provision of the Federal Kidnapping Act, 18 U. S. Code, sec. 1201 (a), which provides that the defendant is subject to the death penalty only if the jury recommends it. The argument was advanced that such a provision tends to coerce defendants into pleading guilty rather than taking the chance of having the jury recommend the death penalty. The United States Supreme Court held that despite the differences in penalty, a reviewing court should look to the totality of the circumstances and the factual basis of the plea to determine voluntariness. The difference in penalty is only part of the totality. Here, as in *Brady,* the record completely supports the voluntariness of the plea. The basic concept of accepting guilty pleas is that the plea represents the voluntary and intelligent choice of the defendant. [4] The record here abundantly supports the conclusion that the plea to the reduced charge was defendant's voluntary and intelligent response. Although the ultimate plea was taken before Judge RASKIN on September 9, 1969, which was prior to *Ernst,* [5] the trial court met all of the *Ernst* requirements as to the elements of a voluntary guilty plea. These elements are ascertaining the educational background of the defendant, making certain that the defendant understands the charge to which he is pleading, ascertaining that no threats or promises have been made to induce the plea, and explaining to the defendant that his attorney might be able to assist him in defending the charge. In the present case not only did Judge RASKIN meet these criteria, but he questioned defendant in greater detail because the plea might also entail the waiver of the right to assert the double jeopardy defense.

---

[3] (1970), 397 U. S. 742, 90 Sup. Ct. 1463, 25 L. Ed. 2d 747.

[4] *See North Carolina v. Alford* (1970), 400 U. S. 25, 31, 91 Sup. Ct. 160, 164, 27 L. Ed. 2d 162.

[5] *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713.

*Double jeopardy.*

Art. I, sec. 8, of the Wisconsin Constitution reads in part: "[N]o person for the same offense shall be put twice in jeopardy of punishment . . . ." Defendant argues that the action of the circuit court in directing the original complaint reinstated violated this constitutional provision.

We think there is no question but that the defendant knowingly, intelligently, and expressly, waived any objection he had on the assertion of double jeopardy. The following questioning of the defendant was held:

*"Mr. Spindler:* Mr. Salters, you realize that in this case, there is a legal issue yet unresolved and that by entering a plea of guilty hereto, you have waived your right to press forward with that issue, is that correct, the issue of double jeopardy?
*"Defendant Salters:* Yes, I do.
*"Mr. Spindler:* And you realize that by pleading guilty now you are waiving that legal issue, in other words, you can no longer raise that issue?
*"Defendant Salters:* Yes, I do.
*"Mr. Spindler:* And you fully understand that and it is your desire to do that?
*"Defendant Salters:* Yes, it is."

Even if there was no waiver by defendant, it is clear that there was no violation here of defendant's constitutional rights against double jeopardy. In *State v. Schmear* [6] this court said:

"[T]here is but one continuing jeopardy until the defendant has had a valid trial free from reversible error for the offense charged. The defendant is entitled to be legally convicted or acquitted and until that stage is reached continuity of the jeopardy exists."

In the present case jeopardy attached when the first plea was entered,[7] and that same jeopardy continued to

---

[6] (1965), 28 Wis. 2d 126, 135, 135 N. W. 2d 842.
[7] *Hawkins v. State* (1966), 30 Wis. 2d 264, 267, 140 N. W. 2d 226.

exist until Judge RASKIN entered a judgment of conviction. When Judge COFFEY ordered the original complaint reinstated he did not end one jeopardy and begin a new one—the proceedings were all part of a single jeopardy. At no time in the entire proceedings was defendant exposed to double jeopardy. In order for there to be validity to the assertion of double jeopardy there would have to be a judgment of acquittal or conviction or a dismissal of the charges and then a second prosecution begun on the basis of the same offense. That is not the case here.

In the present case the original guilty plea was accepted prior to the reception of evidence supporting its voluntariness and factual accuracy. This is contrary to this court's directive in *Eskra v. State*[8] that the plea should be accepted after informing the defendant of the range of punishment and ascertaining that the defendant understands the nature of the crime to which he is pleading guilty. The proper procedure should be that the plea should be accepted or rejected after the court ascertains the voluntariness of the plea and the factual basis for the plea as required by *Ernst*. In cases in which the prosecutor has moved to reduce the charge in the complaint it is also proper, although not mandatory, for the court to ascertain why the charge was reduced. After ascertaining this information and assuring itself of the voluntariness of the plea, the factual basis for the charge, and the propriety of any proposed reduction of the charge, the court should then determine whether or not to accept the plea.

In the present case although the plea was first accepted prior to ascertaining the basis therefor, the de-

---

[8] (1965), 29 Wis. 2d 212, 218, 138 N. W. 2d 173.

fendant was properly convicted. In this respect the trial court did not subject defendant to double jeopardy nor did it coerce defendant to plead guilty to the reduced charge. There is no reversible error.

*By the Court.*—Order and judgment affirmed.