STATE of Wisconsin, Plaintiff-Respondent,

v.

Randy HARRIS, Defendant-Appellant.†

Court of Appeals

*No. 90-2665-CR. Submitted on briefs March 11, 1991.—Decided March 19, 1991.*

(Also reported in 469 N.W.2d 207.)

†Petition to review denied.

On behalf of defendant-appellant, the cause was submitted on the briefs of *Michael Yovovich,* assistant state public defender, and *Henry Schultz,* first assistant state public defender, of Madison.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Maureen McGlynn Flanagan,* assistant attorney general, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Randy Harris appeals a nonfinal order that denied his motion to dismiss based on a claim of double jeopardy.[1] Harris previously pled guilty to operating a motor vehicle after revocation (OAR, second offense, criminal), and he now stands charged with feloniously operating a motor vehicle without the owner's consent (OMVWOC), each of the two criminal offenses allegedly occurring at the same time and place. The circuit court ruled that the double jeopardy bar against successive prosecutions as announced in *Grady v. Corbin,* 110 S. Ct. 2084 (1990), is not applicable to the facts presented. We affirm.

A criminal defendant is protected against being placed twice in jeopardy for the same offense under the fifth and fourteenth amendments to the United States Constitution and art. I, sec. 8, of the Wisconsin Constitution. The decisions of the United States Supreme Court govern both provisions. *State v. Rabe,* 96 Wis. 2d 48, 61-62 n.7, 291 N.W.2d 809, 815-16 n.7 (1980). The double jeopardy clause embodies three protections: prosecution of the same offense after acquittal, prosecution of the same offense after conviction and multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969). It is the second of these protections—prosecution after conviction for the same offense—that is at issue here. Whether an individual has been placed twice in jeopardy for the same offense is a question of law, and we owe no deference to the circuit court's determination. *State v. Kramsvogel,* 124 Wis. 2d 101, 107, 369 N.W.2d 145, 147-48 (1985).

---

[1]This court granted leave to appeal by order dated November 21, 1990.

The long-standing test to determine whether the offenses are the same for double jeopardy purposes is set forth in *Blockburger v. United States,* 284 U.S. 299, 304 (1932): "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." The *Blockburger* test has been applied in Wisconsin as the "additional element" or "additional fact" test. *State v. Gordon,* 111 Wis. 2d 133, 138–40, 330 N.W.2d 564, 566–67 (1983).

Harris concedes that under the *Blockburger* "additional element" test, there would be no double jeopardy violation here. The elements to an OAR conviction as set forth in the pattern jury instruction are:

> First, that the defendant operated a motor vehicle upon any highway in this state . . ..
> Second, that at the time the defendant operated the motor vehicle, his operating privilege was duly revoked.
> Third, that the defendant knew or had cause to believe that his operating privilege had been revoked.

Wis J I—Criminal 2620A (footnotes omitted).

The elements of OMVWOC according to the pattern instruction are:

> First, that the defendant intentionally operated a vehicle of another.
> Second, that the operating of such vehicle by the defendant was done without the consent of the owner.
>     . . ..

761

Third, that the defendant knew that such operating was without the owner's consent.

Wis J I—Criminal 1467.2 (footnotes omitted). As indicated, there are additional facts or elements to be proven for each of the foregoing offenses.

Harris concedes that the only fact common to both charges against him is that at a certain time and place he operated a certain vehicle and, therefore, that in order to prevail it must be under the additional protection provided by *Corbin.*

*Corbin* holds that the *Blockburger* test alone is insufficient to protect criminal defendants in cases involving successive prosecutions. The Court ruled that if the *Blockburger* test did not bar a successive prosecution, another step need be taken. The Court ruled as follows:

> Thus, a subsequent prosecution must do more than merely survive the *Blockburger* test . . .. [T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.

*Corbin,* 110 S. Ct. at 2093 (footnotes omitted).

The facts in *Corbin* were as follows: The defendant was involved in a fatal automobile accident and charged with failing to keep right of the highway median and driving while intoxicated. He pled guilty and was sentenced. Shortly thereafter, he was indicted on vehicular homicide and assault charges stemming from the same

762

accident. The prosecution identified the acts that it would rely on to establish the new charges: "(1) operating a motor vehicle on a public highway in an intoxicated condition, (2) failing to keep right of the median, and (3) driving approximately 45 to 50 miles per hour in heavy rain . . .." *Id.* at 2089. The *Corbin* Court examined the acts upon which the state intended to rely and held:

> By its own pleadings, the State has admitted that it will prove the entirety of the conduct for which Corbin was convicted—driving while intoxicated and failing to keep right of the median—to establish essential elements of the homicide and assault offenses. Therefore, the Double Jeopardy Clause bars this successive prosecution, and the New York Court of Appeals properly granted respondent's petition for a writ of prohibition. This holding would not bar a subsequent prosecution on the homicide and assault charges if the bill of particulars revealed that the State would not rely on proving the conduct for which Corbin had already been convicted (*i.e.*, if the State relied solely on Corbin's driving too fast in heavy rain to establish recklessness or negligence).

*Id.* at 2094 (footnote omitted).

This comparison illustrates how *Corbin* differs from the present appeal:

| | (A)<br>FIRST<br>PROSECUTION | (B)<br>SECOND<br>PROSECUTION | (C)<br>CONDUCT<br>OFFERED TO<br>PROVE (B) | (D)<br>WILL<br>CONDUCT (C)<br>PROVE<br>ESSENTIAL<br>ELEMENT<br>OF (A) |
|---|---|---|---|---|
| *CORBIN:* | operate auto across median | homicide; assault | operate auto across median | YES |
| *CORBIN:* | operate auto while intoxicated | homicide; assault | operate auto while intoxicated | YES |
| *HARRIS:* | operate auto while revoked | operate auto without consent | operate auto without consent | NO |

Harris urges a different analysis: A defendant's only *conduct* in an OAR offense is operating an auto; the element of revocation is a *status,* not conduct; and the element of defendant's knowledge of the revocation is a *state of mind,* not conduct. Thus, Harris concludes, under *Corbin,* the proof of conduct in the second prosecution that proves an essential element of the first prosecution is identical; i.e., Harris' operation of an auto. We disagree.

*Corbin* viewed driving while intoxicated as conduct. *Id.* at 2094. Similarly, we view driving while revoked as conduct. The fact that one acts while in a state of intoxication or in a state of revocation does not alter the analysis. For purposes of evaluating the quality or nature of an actor's conduct, which is one function of proof at a trial, the actor's status is an essential component of his behavior and therefore is not to be ignored or separated. Harris' conduct here was operating while revoked. That

is not the conduct upon which the state relies to prove the second prosecution.

*By the Court.*—Order affirmed.