STATE of Wisconsin, Plaintiff-Appellant,

v.

Robert J. COMSTOCK, Defendant-Respondent.†

Court of Appeals

*No. 90-2080-CR. Submitted on briefs April 11, 1991.—Decided April 16, 1991.*

(Also reported in 471 N.W.2d 596.)

†Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Barry M. Levenson,* assistant attorney general, of Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *David G. Ahrens* of *Jury & Ahrens* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. The state charged Robert Comstock with four counts of second-degree sexual assault in violation of sec. 940.225(2)(e), Stats.[1] Pursuant to a plea agreement, Comstock pled no contest to two amended counts of fourth-degree sexual assault, and the other two counts were dismissed. The court accepted Comstock's plea but, following the presentence investigation, vacated the plea, ordered reinstatement of the original

[1]This section was repealed and recreated as sec. 948.02(2), Stats., by 1987 Wis. Act 332.

information and then recused itself. The succeeding trial court ordered the reinstated charges dismissed when it concluded that double jeopardy barred reinstatement of the charges. The state appeals that order.

■

The state contends that jeopardy did not attach upon the court's acceptance of the no contest plea. In the alternative, the state argues that if jeopardy did attach, that same jeopardy continued until the court entered a valid judgment of conviction. Because a court may, after accepting a plea but before entering a judgment of conviction on that plea, vacate the plea and order reinstatement of the original information without violating the defendant's right to be free from double jeopardy, we reverse and remand.

■

The issue whether the bar against double jeopardy precludes reinstatement of the charges in this case requires the application of constitutional principles to undisputed facts. We review such issues de novo. *Village of Elkhart Lake v. Borzyskowski,* 123 Wis. 2d 185, 189, 366 N.W.2d 506, 508 (Ct. App. 1985).

■

The Wisconsin Supreme Court has consistently held that jeopardy attaches upon the court's acceptance of a guilty or no contest plea. *State v. Waldman,* 57 Wis. 2d 234, 237, 203 N.W.2d 691, 693 (1973); *Salters v. State,* 52 Wis. 2d 708, 715, 191 N.W.2d 19, 22 (1971); *Hawkins v. State,* 30 Wis. 2d 264, 267, 140 N.W.2d 226, 228 (1966). Thus, jeopardy attached to the amended charges when the court accepted Comstock's no contest pleas to those charges.

■

Jeopardy, however, did not attach to the dismissed charges because no event occurred that would cause jeop-

ardy to attach to those charges. As noted, jeopardy attaches when the court accepts a defendant's no contest or guilty plea, but Comstock never made such a plea to the dismissed charges. In a trial to the court, jeopardy attaches when a witness is sworn. Section 972.07(1), Stats. In a jury trial, jeopardy attaches when the jury is selected and sworn. Section 972.07(2), Stats. However, when charges are dismissed before commencement of the trial, jeopardy does not attach and does not bar a subsequent prosecution for the same offense. *Montgomery v. State,* 128 Wis. 183, 195, 107 N.W. 14, 18 (1906). Thus, jeopardy did not attach to the two charges dismissed in this case and does not bar their reinstatement.

Because the court accepted pleas to the amended charges, jeopardy attached to those charges. That fact, however, does not end our inquiry. For the reinstatement of these charges to be a violation of double jeopardy, the defendant must twice be placed in jeopardy for the same offense. *State v. Haldane,* 85 Wis. 2d 182, 196, 270 N.W.2d 75, 82 (1978). In this case, Comstock was placed in jeopardy when his plea was accepted. The question remains, however, whether the vacation of the plea and reinstatement of the original charges constituted a second jeopardy. We conclude it did not because the same jeopardy continued until there was a valid judgment of conviction.

Our conclusion is dictated by *Salters.* In that case, the defendant was charged with first-degree murder. The defendant agreed to plead guilty to the amended charge of homicide by reckless conduct. The court accepted the defendant's guilty plea. The court later questioned the propriety of reducing the charge. At the court's request, the state moved to reinstate the original complaint. The

court granted the motion, ordered the guilty plea set aside and then recused itself.

The Wisconsin Supreme Court held that jeopardy attached when the guilty plea was entered but continued until the court entered a valid judgment of conviction. *Id.* at 714-15, 191 N.W.2d at 22. The court relied on *State v. Schmear,* 28 Wis. 2d 126, 135, 135 N.W.2d 842, 848 (1965), for the proposition that there is but one continuing jeopardy until the defendant is legally convicted or acquitted. *Salters,* 52 Wis. 2d at 714, 191 N.W.2d at 22. The court thus concluded that one jeopardy did not end and another begin when the guilty plea was set aside and the original complaint reinstated. *Id.* at 715, 191 N.W.2d at 22. Rather, the court concluded that the proceedings were part of one continuing jeopardy and the defendant was never exposed to double jeopardy. *Id.*

■ Applying this analysis to the facts in this case, reinstatement of the complaint did not violate double jeopardy. The court never entered a judgment of conviction on the no contest plea. While jeopardy attached when the court accepted the plea, no event ended that jeopardy. Reinstatement of the original information was part of the same continuing jeopardy.

■ This analysis squares with the protections afforded by the double jeopardy clause; namely, the protection against multiple punishments for the same offense and against successive prosecutions for the same offense. *See Haldane,* 85 Wis. 2d at 182, 270 N.W.2d at 75. Comstock was not subjected to multiple punishments because he was not sentenced pursuant to the guilty plea. Nor was Comstock subjected to successive prosecutions. For there to be successive prosecutions, there must first be a

valid judgment of conviction or acquittal. *See State v. Bowden,* 93 Wis. 2d 574, 580, 288 N.W.2d 139, 141 (1980). In the present case, there was neither.

This analysis is also consistent with the trial court's role in plea bargains. The trial court is not bound by a plea agreement made by the defendant and the state. *State v. Roubik,* 137 Wis. 2d 301, 304-05, 404 N.W.2d 105, 106 (Ct. App. 1987). A court must ascertain the propriety of dismissing or reducing charges: "Where a public interest is involved, or the interest of a third party, it is the duty of the court to consider those interests in determining whether or not to dismiss an action." *Id.* at 307, 404 N.W.2d at 107 (citing *Guinther v. City of Milwaukee,* 217 Wis. 334, 339, 258 N.W. 865, 867 (1935)). The decision whether to amend or dismiss charges is best made when the court has all relevant information before it. A judge should review a presentence report before making a final decision on whether to accept or reject charge reductions. American Bar Ass'n Standards for Criminal Justice § 14-3.3(b) (2d ed. 1980). However, in this state a court cannot technically order a presentence investigation before accepting a guilty plea. *Rosado v. State,* 70 Wis. 2d 280, 285-86, 234 N.W.2d 69, 72 (1975); sec. 972.15(1), Stats.

Courts would thus be in a curious position if the rule were that a court could not vacate a guilty plea and order reinstatement of the original charges without violating double jeopardy. Such a rule would force courts to either violate sec. 972.15(1), Stats., by ordering a presentence report before accepting a guilty plea or accept a guilty plea before receiving the presentence report and thereby

being deprived of the information necessary to assess the appropriateness of the plea bargain.

*By the Court.*—Order reversed and cause remanded.