STATE of Wisconsin, Plaintiff-Respondent,

v.

Antonio C. POVEDA, Defendant-Appellant.

Court of Appeals

*No. 91-0596-CR. Submitted on briefs October 8, 1991.—Decided November 14, 1991.*

(Also reported in 479 N.W.2d 175.)

For the defendant-appellant the cause was submitted on the briefs of *Suzanne Hagopian,* assistant state public defender, of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Maureen McGlynn Flanagan,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

EICH, C.J.   Antonio Poveda appeals from a judgment convicting him of theft. The issue is whether the prosecution was barred by the double jeopardy clause of the United States Constitution. We conclude that it was and reverse the judgment.

Poveda stole a car in Madison and was arrested in Waukesha County as he drove toward Milwaukee. He was convicted in Waukesha County of operating a motor vehicle without the owner's consent. He was later convicted of auto theft in Dane County based on the same incident.

█

A criminal defendant is protected against being twice placed in jeopardy for the same offense under both the United States and Wisconsin constitutions.[1] The double jeopardy clause embodies three protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Grady v. Corbin* 110 S. Ct. 2084, 2090 (1990) (citation omitted).

█

Whether an individual has been placed in jeopardy twice for the same offense is a question of law. As a result, we owe no deference to the trial court's decision.

---

[1]The double jeopardy clause of the United States Constitution provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amdt. 5. Article I, sec. 8 of the Wisconsin Constitution states: "[N]o person for the same offense may be put twice in jeopardy of punishment."

*State v. Harris,* 161 Wis. 2d 758, 760, 469 N.W.2d 207, 208 (Ct. App. 1991).

The traditional test for determining whether a prosecution is barred under the clause is set forth in *Blockburger v. United States,* 284 U.S. 299, 304 (1932): "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." Under that test, a second prosecution is barred if the offenses have identical statutory elements or if one is a lesser-included offense of the other. *Brown v. Ohio,* 432 U.S. 161, 168 (1977).[2] Both parties agree that *Blockburger* does not bar Poveda's second conviction because the statutory elements of theft and operating a vehicle without the owner's consent differ somewhat.[3]

---

[2] The *Blockburger* test is codified in Wisconsin in secs. 939.66(1) and 939.71, Stats.

[3] The statutory elements of operating without the consent of the owner under sec. 943.23(3), Stats., are:

> First, that the defendant intentionally (drove) (operated) a vehicle of another.

> Second, that the (driving) (operating) of such vehicle by the defendant was done without the consent of the owner.

> Third, that the defendant knew that such (driving) (operating) was without the owner's consent.

Wis J I—Criminal 1467.2 (1989).

The statutory elements of theft under sec. 943.20(1)(a), Stats., are:

> First, that the defendant intentionally took and carried away movable property of another.

> Second, that the defendant took and carried away property without the consent of the owner.

That does not end our inquiry, however, for the United States Supreme Court has recently held that if the case passes muster under *Blockburger,* a second test must be applied:

> [A] subsequent prosecution must do more than merely survive the *Blockburger* test . . . .. [T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. *Grady,* 110 S. Ct. at 2093.

In *Grady,* the defendant was involved in a fatal automobile accident and was charged with failing to keep to the right of the highway median and driving while intoxicated. He pled guilty and was sentenced. Sometime thereafter, he was indicted for negligent homicide and assault arising out of the same incident. The Court held that the second prosecution was barred under the double jeopardy clause because it would necessarily be based on proof of the same conduct for which the defendant already had been convicted. *Id.* Among the reasons offered by the *Grady* court in support of its decision were these:

> Successive prosecutions, . . . whether following acquittals or convictions, raise concerns that extend beyond merely the possibility of an enhanced sentence . . . .. [T]he state with all its resources and

---

Third, that the defendant knew that taking and carrying away the property was without consent.

Fourth, that the defendant took and carried away the property with intent to deprive the owner permanently of its possession.

Wis J I—Criminal 1441 (1988).

power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him [or her] to embarrassment, expense and ordeal and compelling him [or her] to live in a continuing state of anxiety and insecurity . . .. Multiple prosecutions also give the State an opportunity to rehearse its presentation of proof, thus increasing the risk of an erroneous conviction for one or more of the offenses charged. *Id.,* 110 S. Ct. at 2091–92 (citations omitted).

The state concedes that if *Grady* applies, Poveda's prosecution in Dane County is barred because the same conduct which formed the basis of the Waukesha County conviction for operating the motor vehicle without the owner's consent was also used to prove that Poveda "took [the car] and carried [it] away" in Dane County.

Characterizing *Grady* as barring only "successive" prosecutions, the state asserts that the "policy reasons" underlying the *Grady* "same conduct" test are those supporting finality: the need to ameliorate the danger of "repeated, successive attempts to convict [a defendant]; and the opportunity to rehearse the state's proof so as to increase the risk of an erroneous conviction . . .." According to the state, that policy is not implicated here because Poveda's prosecutions were not "successive" but rather were "simultaneous or continuing prosecutions" which *Grady* does not reach.[4] Thus, says the state, *Grady* is inapposite.

[4]Several post-*Grady* decisions have indicated that *Grady* only applies to subsequent prosecutions. *See, e.g., United States v. McKinney,* 919 F.2d 405, 417 n.13 (7th Cir. 1990) ("By its own terms, *Grady* applies only to subsequent prosecutions."); *United States v. Ortiz-Alarcon,* 917 F.2d 651, 654 (1st Cir. 1990) ("We hold . . . that *Grady* pertains only to successive prosecutions, not to . . . multiple counts within a single indictment.").

In so arguing, the state emphasizes the fact that this is not a case where the second prosecution was initiated after the first had been taken to its completion—whether by conviction or acquittal—but rather was instituted contemporaneously with the first.[5] We think the state's emphasis on timing—on the fact that the Waukesha prosecution had not been carried to its completion before the Dane County prosecution was commenced—misses the point. We believe the determinative moment is that at which jeopardy attaches, for that is, after all, "the lynchpin for all double jeopardy jurisprudence." *Crist v. Bretz,* 437 U.S. 28, 38 (1978) (citation omitted).

█

Where there is no trial, jeopardy attaches upon the court's acceptance of a guilty or no contest plea. *State v. Comstock,* 163 Wis. 2d 218, 221, 471 N.W.2d 596, 597 (Ct. App. 1991) (petition for review granted). Jeopardy attaches in a jury trial when the jury is sworn. In a trial to the court alone, it attaches when the first witness is sworn. Sec. 972.07(1), Stats. And once it attaches, jeopardy continues until a judgment of conviction is entered. *Comstock,* 163 Wis. 2d at 223, 471 N.W.2d at 598; *Salters v. State,* 52 Wis. 2d 708, 714–715, 191 N.W.2d 19, 22 (1971). "There is but one continuing jeopardy until the defendant . . . [is] legally convicted or acquitted." *Id.* at 714, 191 N.W.2d at 22 (citation omitted).

---

[5]Coincidentally, the charges in both Waukesha and Dane County were filed on the same day. Neither party, however, considers that fact controlling on the question of "subsequent" verses "simultaneous" or "continuing" prosecution. The state explains in its brief, for example, that "[b]y simultaneous prosecutions [it] refers to charges which are pending at the same time, whether in the same or different counties, without having been prosecuted to . . . conclusion."

Jeopardy attached on the Waukesha County charge when Poveda entered his plea of no contest on October 24, 1989. The court entered a judgment of conviction the same day. Jeopardy attached on the Dane County charge when Poveda initially pleaded no contest to the charge on May 7, 1990, and continued until a judgment of conviction was entered on October 18, 1990.[6] The Dane County conviction is thus a "subsequent conviction" for double jeopardy purposes within the meaning of *Grady*. Poveda was subject to two separate prosecutions, nearly a year apart, for offenses based on one incident. He was twice subjected to the criminal justice system for a single act, and that is the evil *Grady* seeks to prevent.

*By the Court.*—Judgment reversed and cause remanded with directions to vacate the judgment of conviction entered in the Dane County Circuit Court on October 18, 1990, and to dismiss the complaint in that action.

---

[6]Poveda withdrew his plea and proceeded to trial on the charge. In *Comstock* we noted that in such a situation, jeopardy attaches upon entry of the plea and continues through its withdrawal to the ultimate conviction. "[T]here is but one continuing jeopardy . . .. [O]ne jeopardy did not end and another begin when the guilty plea was set aside and the original complaint reinstated. Rather . . . the proceedings were part of one continuing jeopardy . . .." *Id.,* 163 Wis. 2d at 223, 471 N.W.2d at 598 (citations omitted).