STATE of Wisconsin, Plaintiff-Appellant,

v.

Richard W. KANAROWSKI, Defendant-Respondent.

Court of Appeals

*No. 90–2734–CR. Submitted on briefs June 16, 1992—Decided August 5, 1992.*

(Also reported in 489 N.W.2d 660.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *William A. Pangman* of *William A. Pangman & Associates, S.C.* of Waukesha.

Before Nettesheim, P.J., Brown and Anderson, JJ.

BROWN, J.   The state appeals the trial court's dismissal of a four-count information charging Richard W.

Kanarowski with two counts of reckless endangerment, one count of battery, and one count of disorderly conduct—all arising from one incident. The trial court concluded that the four charges were multiplicitous under *Grady v. Corbin,* 495 U.S. 508 (1990). We reverse the dismissal and remand for trial because the test for multiple charging is found not in *Grady* but in *Blockburger v. United States,* 284 U.S. 299 (1932), and the *Blockburger* test indicates that the four charges against Kanarowski are not multiplicitous.

On September 21, 1989, Kanarowski allegedly attacked Richard Meiser and Robert Wieting with a baseball bat. At the preliminary examination, the victims testified that they were walking in downtown Hartford and stopped at a store window to look at some pictures. Meiser said that while he was standing in front of the window, he was suddenly hit on the top of the head and fell to the ground. He turned and saw Kanarowski step back, swing a bat and hit Wieting. Wieting testified that while he was looking in the window, he heard a thump behind him, turned around and was hit on the forehead. After the two men were hit, a crowd formed on the sidewalk. Several of the victims' companions grabbed Kanarowski and sat on him until police arrived. Meiser and Wieting were taken to the hospital, where Wieting received five stitches for the cut on his forehead.

Four charges were issued against Kanarowski: (1) one count of reckless endangerment of the safety of each victim in violation of sec. 941.30(1), Stats. (Counts I and II); (2) one count of aggravated battery of Wieting in violation of sec. 940.19(3), Stats. (Count III); and (3) one count of disorderly conduct in violation of sec. 947.01, Stats. (Count IV). The trial court dismissed the case, concluding that because the same course of conduct was

the basis for the four charges, multiple charging was improper under *Grady*.[1]

■

Multiple charging based on a single course of conduct implicates the federal and state constitutional protections against double jeopardy for the same offense. *See State v. Rabe,* 96 Wis. 2d 48, 61, 291 N.W.2d 809, 815 (1980). Determining whether multiple charges violate constitutional protections presents an issue of law which we review *de novo* without deference to the trial court. *State v. Sauceda,* 168 Wis. 2d 486, 492, 485 N.W.2d 1, 3 (1992).

■

The state argues that *Grady* is not applicable to this case because *Grady* prohibits *multiple prosecutions* for the same course of conduct. It does not address the situation where there is a *single prosecution* with *multiple charges* for the same course of conduct. The state is correct. Where a single course of conduct gives rise to multiple charges to be prosecuted in a single trial, the proper test to determine whether there is a double jeopardy violation is the "elements only" test of *Blockburger,* 284 U.S. at 304. *See Sauceda,* 168 Wis. 2d at 493-94 & nn.7 & 8, 485 N.W.2d at 4-5. *Grady*'s "single course of

---

[1]The court stated that Count I and Count III would not be multiplicitous. However, both of these charges related to Wieting, with Count I charging reckless endangerment and Count III charging aggravated battery. Since the trial court seemed to be saying that one charge for each of the victims would not be multiplicitous, and because Count II was the reckless endangerment charge relating to Meiser, we think the court meant to say that Count II and Count III were not multiplicitous. However, for purposes of this appeal, any mistake in this regard is irrelevant since the state decided to appeal the dismissal of the four charges rather than amend the complaint.

conduct" test is a subsequent test to be applied only in cases of successive prosecutions, and only if the multiple charges have survived the *Blockburger* test. *See State v. Poveda,* 166 Wis. 2d 19, 23, 479 N.W.2d 175, 176 (Ct. App. 1991). Thus, the trial court improperly applied the *Grady* test to the instant case which did not involve a second prosecution for a previously prosecuted course of conduct.

■■

The constitutional protections against double jeopardy in a single prosecution are meant to prevent a single *offense* from being arbitrarily transformed into multiple *offenses* with multiple punishments. The constitution does not prevent a single course of conduct from being broken down into its component parts, each of which constitutes a separate *offense. See Sauceda,* 168 Wis. 2d at 492-93, 485 N.W.2d at 3-4. To determine in a particular case whether the state has legitimately broken down a single course of conduct into multiple offenses, the *Blockburger* test requires that each charged offense require proof of an element or fact that the other does not. *Sauceda,* 168 Wis. 2d at 493 n.8, 485 N.W.2d at 4.

■

Applying *Blockburger* to the instant case, we determine that the multiple charges did not violate Kanarowski's constitutional protections against double jeopardy. Kanarowski was charged with recklessly endangering safety, aggravated battery, and disorderly conduct. The reckless endangerment charges require proof that the defendant endangered another's safety under circumstances showing utter disregard for human life. There is no requirement that the defendant intended harm to anyone. *See* sec. 941.30(1), Stats. In contrast, the crime of aggravated battery requires proof of intent to cause bodily harm and proof that the conduct created a high

probability of great bodily harm. *See* sec. 940.19(3), Stats. Likewise, the crime of disorderly conduct differs from reckless endangerment and aggravated battery because it requires proof that the offensive conduct was violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly *and* that it tended to cause or provoke a disturbance. *See* sec. 947.01, Stats. No showing of endangering safety or intent to harm is required for disorderly conduct.

■ Each count is based upon different facts, not the same facts. Swinging a baseball bat at the head of two persons looking in a window shows reckless endangerment of safety, regardless of whether the bat made contact with anyone or whether Kanarowski intended harm to anyone. Concerning the battery charge, the fact that Kanarowski's bat made contact with Wieting's forehead indicates intent to harm, and the fact that the blow created a cut requiring five stitches shows *actual* bodily harm. Regarding the disorderly conduct charge, the fact that Kanarowski's behavior drew a crowd and required the police to be summoned shows that the behavior actually caused a disturbance. Thus, the charges are supported by the appropriate differing facts and pass muster under *Blockburger.*

The state contends that the analysis is at an end once we determine that the *Blockburger* test has been satisfied. As it has often argued in past cases, the state again asserts that in cases where different criminal statutes are invoked arising out of the same act, we need only determine whether the facts support multiple charging under *Blockburger.* We need not and should not also consider whether the legislature intended that there be multiple charging under the facts of the case.

The underlying reasoning for the state's contention is as follows: sec. 939.65, Stats., gives a clear indication of legislative intent to allow multiple charging. That statute provides:

> If an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions.

The state then posits that the only preclusion to the application of this statute is sec. 939.66, Stats., which states: "Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both." The state observes that sec. 939.66 overcomes sec. 939.65 only where the charged offense is one of the statutorily enumerated lesser included offenses of another charged offense. Because the facts here do not involve any included offenses, sec. 939.65 controls. By that statute, the legislature was saying that if there are two or more separate crimes involved in one act, it is intended that multiple charging is allowed, period.

The recent supreme court opinion in *Sauceda*, however, shows the state's argument to be incorrect. In that case, our supreme court stated that passing the *Blockburger* test presumptively allows for multiple punishments. The court wrote that a contrary intent may be derived from the language of the statutes, the legislative history, the nature of the proscribed conduct and the appropriateness of multiple punishments. *Sauceda*, 168 Wis. 2d at 497, 485 N.W.2d at 5. Thus, the rule in Wisconsin is that there is a two-prong test to be applied in multiplicity cases. First, the court must conduct a *Blockburger* analysis. If that analysis favors the state, then the

presumption is that the legislature intended to allow multiple charges for the same act. The presumption may be overcome by showing a legislative intent to the contrary.

Thus, we ordinarily would be required to next discuss the defendant's arguments that the legislature did not intend to allow the state to charge reckless endangerment of safety, aggravated battery and disorderly conduct arising out of the same act. Kanarowski, however, fails to raise any issue of legislative intent. And, our independent research discloses no contrary intent. We conclude that the charges are not multiplicitous under the test recognized by the *Sauceda* court.

*Sauceda* aside, Kanarowski argues for yet another test to determine multiplicity. He proposes that multiple charges must be subjected to a "fundamental fairness" test. He contends that such a test looks to the circumstances of the conduct, not to the legal elements of the offenses, and considers whether there is an unfair substantial likeness in the charged offenses arising from a single course of conduct.

As authority, Kanarowski argues that a fundamental fairness analysis permeates *Grady* and that it is the fundamental fairness analysis which explains the holding in *Grady,* rather than the fact that *Grady* concerned successive prosecutions. Kanarowski also argues that our supreme court adopted fundamental fairness as the ultimate test for multiplicity in *State v. Eisch,* 96 Wis. 2d 25, 34, 291 N.W.2d 800, 805 (1980), and the court of appeals followed it in *State v. Hirsch,* 140 Wis. 2d 468, 471–72, 410 N.W.2d 639, 640 (Ct. App. 1987). Kanarowski contends that the fundamental fairness principle announced in *Eisch* and *Hirsch* demonstrates that the four charges here are multiplicitous, even though they

are based on different statutes, because they are substantially alike with respect to each other and are part of the same transaction or episode.

We disagree with Kanarowski's reading of *Grady, Eisch* and *Hirsch.* None of the three courts has ever adopted or used a fundamental fairness test to replace the *Blockburger* test in cases of multiple charging. Moreover, the *Blockburger* test is not separate from a fundamental fairness analysis. The *Blockburger* test is the way that courts in this state have attempted to apply fundamental fairness concerns to charging decisions. *See Sauceda,* 168 Wis. 2d at 493–94 n.8, 485 N.W.2d 4.

As the decisions of both this court and our supreme court illustrate, simultaneously charging a defendant with multiple offenses for a single course of conduct is not fundamentally unfair where each charge is different in law or fact from the others. *See Eisch,* 96 Wis. 2d at 39, 291 N.W.2d at 807; *Sauceda,* 168 Wis. 2d at 495, 485 N.W.2d at 4–5. The reason that multiple charges were found to be unfair in *Hirsch* was because they were not different in fact. *Hirsch,* 140 Wis. 2d at 475, 410 N.W.2d at 641. Because the four charges against Kanarowski were different in law and fact, we reverse the order of dismissal and remand for trial on the four charges.

*By the Court.*—Order reversed and cause remanded with directions.

NETTESHEIM, P.J. (*concurring*). I concur. I write separately to acknowledge that the double jeopardy methodology which I advocated by dissent in *State v. Sauceda,* 163 Wis. 2d 553, 472 N.W.2d 798 (Ct. App. 1991), and which the state urges here, has since been rejected by the supreme court in *State v. Sauceda,* 168

Wis. 2d 486, 485 N.W.2d 1 (1992). Alternatively, I contended in *Sauceda* that even under the two-prong analysis, the state's multiple prosecution did not violate double jeopardy. Applying this analysis, the supreme court agreed. The merits aside, the supreme court's decision resolves any conflict or confusion which may have existed under prior case law as to the methodology which the courts are to apply in a double jeopardy challenge to multiple prosecutions arising out of the same act.

I also write separately to express my view that under the second prong of the *Sauceda* analysis, which inquires into legislative intent, sec. 939.65, Stats., will likely govern nearly all future double jeopardy challenges involving multiple charges. That statute stands as a clear and unequivocal statement of the legislature's intent that multiple charging under different statutory provisions is permitted where an act forms the basis for a crime under more than one statutory provision. Therefore, unless the specific statute or its legislative history expresses a contrary intent, and assuming no abuse of prosecutorial discretion, sec. 939.65 should govern this question for purposes of future cases.

The supreme court's decision in *Sauceda* should also put the legislature on notice that, as to future enactments, it should clearly state its intent (if it be so) that multiple prosecutions are not intended. *See, e.g.,* secs. 346.63(1)(c), 939.66, 939.71, and 939.72, Stats.