STATE of Wisconsin, Plaintiff-Respondent,†

v.

Michael J. KURZAWA, Defendant-Appellant.

Court of Appeals

*No. 92-0926-CR.   Oral argument September 9, 1992.—Decided January 13, 1993.*

(Also reported in — N.W.2d —.)

†Petition to review granted.

769

On behalf of the defendant-appellant there were briefs by *Stephen M. Glynn* and *Robert R. Henak* of *Shellow, Shellow & Glynn, S.C.* of Milwaukee and oral argument by *Attorney Henak.*

On behalf of the plaintiff-respondent there was a brief by *James E. Doyle,* attorney general, and *Sharon Ruhly,* assistant attorney general, and oral argument by *Attorney Ruhly.*

Before Nettesheim, P.J., Anderson and Snyder, JJ.

NETTESHEIM, P.J.    Michael J. Kurzawa appeals from a nonfinal order denying his motion to dismiss a criminal complaint charging him with fifty-four counts of uttering forged writings contrary to sec. 943.38(2), Stats. [1] The sole issue on appeal is whether the double jeopardy clause of the United States and Wisconsin Con-

---

[1] We granted Kurzawa's petition for leave to appeal by an order dated April 13, 1992.

stitutions bars this prosecution because Kurzawa was previously acquitted of theft by fraud charges based on the same core conduct as charged in this case. Pursuant to the United States Supreme Court decision of *Grady v. Corbin*, 495 U.S. 508 (1990), we conclude that the prosecution is barred on double jeopardy grounds. We reverse the trial court's order and remand with directions to dismiss the criminal complaint against Kurzawa.

For the purposes of Kurzawa's motion to dismiss in the trial court, the parties stipulated to the facts. Kurzawa served as an accountant and financial manager for the professional practices of Drs. Robert and Clarice Beckes. In this capacity, Kurzawa wrote numerous checks to himself on the Beckes' accounts and then cashed the checks. Based on this conduct, the state charged Kurzawa in Milwaukee county with two counts of felony theft by fraud, contrary to sec. 943.20(1)(d) and (3)(c), Stats. [2]

In the Milwaukee county theft by fraud proceeding a jury was impaneled and sworn. Therefore, jeopardy attached. Section 972.07(2), Stats. In that trial, the state sought to establish the element of "false representation" (*see* sec. 943.20(1)(d), Stats.) with evidence that Kurzawa had obtained money from the Beckes' accounts by forging the Beckes' names as the purported makers of the checks, by naming himself or his business as payee, and by then cashing the checks. The matter was never submitted to the jury, however, because the Milwaukee

---

[2] The first count related to the alleged theft from Dr. Robert Beckes' accounts; the second count related to the alleged theft from Dr. Clarice Beckes' accounts.

county circuit court granted Kurzawa's motion for a judgment of acquittal.[3]

Thereafter, the state initiated the Walworth county criminal proceeding which is the subject of this appeal. The criminal complaint in this action charges Kurzawa with fifty-four counts of uttering a forged writing contrary to sec. 943.38(2), Stats. Each count involves a check written by Kurzawa on the Beckes' accounts that was either cashed by him or deposited into one of his accounts at a Walworth county bank. The parties agree that the complaint in this case is based upon the same core conduct underpinning the Milwaukee county theft by fraud charges which were dismissed after jeopardy attached.

Kurzawa argued that this prosecution violated his constitutional protection against double jeopardy. The trial court disagreed, noting that the Milwaukee county charges and these charges did not possess an overlapping or concurrent necessary element between theft by fraud and uttering. Kurzawa appeals.

The double jeopardy clauses of both the United States and Wisconsin Constitutions protect a citizen against being put twice in jeopardy for the same

---

[3] Section 943.20(1)(d), Stats., the theft by fraud statute, requires that the false representation be made to either the owner of the property or the owner's agent. *See* Wis J I—Criminal 1453. In the Milwaukee county prosecution, the state attempted to prove that Kurzawa had made false representations to the Beckes' financial institution. However, the Milwaukee county circuit court reasoned that a Wisconsin financial institution's relationship to its depositor is one of creditor/debtor, not principal/agent. Therefore, the court determined that the state had failed to prove that Kurzawa's representations were made to the Beckes' agent.

offence.[4] Double jeopardy embodies three protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *Grady*, 495 U.S. at 516.

We are concerned in this case with the double jeopardy protection against a second prosecution after acquittal for the same offense. The issue presents a question of law which we review *de novo. State v. Poveda,* 166 Wis. 2d 19, 21, 479 N.W.2d 175, 176 (Ct. App. 1991); *State v. Harris,* 161 Wis. 2d 758, 760, 469 N.W.2d 207, 208 (Ct. App. 1991).

In *Grady,* the United States Supreme Court reviewed a double jeopardy claim made in the context of successive prosecutions for separate offenses which arose out of a single occurrence. There, the intoxicated defendant drove his vehicle over the center line and killed the driver of an oncoming car. Through an oversight in the local prosecutor's office, the defendant was only charged and convicted of driving while intoxicated and failing to keep to the right of the center line. The state later indicted the defendant for homicide and reckless assault in connection with the accident. The state confirmed that it would establish the defendant's guilt by proving his intoxication at the time of the accident, his failure to

---

[4] The Double Jeopardy Clause of the United States Constitution states: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. It is enforceable against the states through the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 794 (1969). Article I, sec. 8 of the Wisconsin Constitution states: "[N]o person for the same offense may be put twice in jeopardy of punishment."

keep to the right of the median, and his driving too fast for conditions. *Grady*, 495 U.S. at 511-14.

The United States Supreme Court held that the successive prosecution was barred on double jeopardy grounds because the state sought to prove the "entirety of the conduct for which [the defendant previously] was convicted—driving while intoxicated and failing to keep right of the median—to establish essential elements of the homicide and assault offenses." *Id.* at 523. The Court employed a two-step analysis. First, the Court applied the *Blockburger* [5] test which inquires whether the offense charged in the subsequent prosecution requires proof of a fact which the other offense does not. *Grady*, 495 U.S. at 515 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). If such an inquiry reveals that "the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred." *Id.*, at 516. As to this analysis, the *Grady* Court concluded that the offenses and attendant elements in the later prosecution were different from those in the prior prosecution. Thus, the state's multiple charging passed muster under the *Blockburger* test. *See Grady* at 515.

This did not conclude the Supreme Court's inquiry, however. The Court next turned to the second step of the analysis, examining whether "to establish an essential element of an offense charged in that prosecution, [the state] will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 521. The Court held that such was the case under the facts of *Grady*. *Id.* at 523. Therefore, the Court

---

[5] *Blockburger v. United States*, 284 U.S. 299 (1932).

concluded that the double jeopardy clause barred the subsequent prosecution.

We now turn to the application of *Grady* in this case. As to the first prong of the *Grady* analysis, both parties concede—and we agree—that the offenses at issue here survive the *Blockburger* test because they neither have identical statutory elements nor is one the lesser-included offense of the other. [6] *State v. Sauceda,* 168 Wis. 2d 486, 494-95, 485 N.W.2d 1, 4-5 (1992). Theft by fraud requires proof that the defendant obtained title to another's property by intentionally deceiving and defrauding the owner with a known false representation. *See* sec. 943.20(1)(d), Stats. In contrast, uttering a

---

[6] The statutory elements of theft by fraud under sec. 943.20 (1)(d), Stats., are:

First, that the defendant made a false representation to (name owner of property.)

Second, that the defendant knew that such representation was false.

Third, that the defendant made such representation with intent to deceive and to defraud ( name owner of property.)

Fourth, that the defendant obtained title to the property of (name owner of property) by such false representation.

Fifth, that (name owner of property ) was deceived by such representation.

Sixth, that (name owner of property) was defrauded by such representation.

Wis J I—Criminal 1453.

The statutory elements of uttering a forged writing under sec. 943.38(2), Stats., are:

First, that the writing was one by which legal rights or obligations are created or transferred.

Second, that the writing was falsely (made) (altered).

Third, that the defendant uttered the writing as genuine.

Fourth, that the defendant knew the writing was falsely (made) (altered).

Wis J I—Criminal 1492.

forged writing requires proof that the defendant presented or cashed as genuine a false or altered writing by which legal rights are created or transferred. *See* sec. 943.38(2), Stats. Thus, each offense carries elements which requires proof of facts which the other does not. Therefore, the state's successive charging of Kurzawa survives the *Blockburger* test.

We therefore move to the next level of inquiry under *Grady:* whether, to establish an essential element of an offense charged in that prosecution, the state will attempt to prove conduct that constitutes an offense for which the defendant has already been prosecuted. *Grady*, 495 U.S. at 521. As the *Grady* Court stated at another point, "if in the course of securing a conviction for one offense the State necessarily has proved the conduct comprising all of the elements of another offense not yet prosecuted (a 'component offense'), the Double Jeopardy Clause would bar subsequent prosecution of the component offense." *Id.* at 521 n.11. The critical inquiry is what conduct the state will seek to prove, not the evidence the state will use in the attempt. *See id.* at 521.

As to the Milwaukee county theft by fraud charges, the parties stipulated that the state sought to establish the element of "false representation" by proving that Kurzawa had obtained money from the Beckes' accounts by forging the Beckes' names as the purported makers of the checks and naming himself or his business as payees. As to the Walworth county forgery charges, the parties have stipulated that the state intends to rely on the following conduct:

> ▮ Between a date prior to May, 1983 and the end of March, 1986, Mr. Kurzawa wrote a number of checks to himself or his business on the Beckeses'

[sic] business accounts, forging their names as the drawers of the checks. These checks included the checks which are set forth in Counts 1 through 54 of this information.

Mr. Kurzawa presented the checks set forth in Counts 1 through 54 of the information for cashing or deposit into accounts held in his name at the Walworth State Bank in Walworth County, Wisconsin.

Neither Dr. Robert Beckes nor Dr. Clarice Beckes gave the defendant permission to make the checks, to sign their names to the checks, or to present the checks for cashing anywhere.

Comparing Kurzawa's conduct in the Milwaukee county theft by fraud prosecution—particularly that concerning the element of false representation—with Kurzawa's conduct which the state alleges in this case, it is clear that the state relies on the same core conduct—Kurzawa's forging the Beckes' checks and naming himself or his business as payee. This is precisely what *Grady* forbids.

We reverse the trial court's order. We remand with directions to dismiss the criminal complaint.

*By the Court.*—Order reversed and cause remanded with directions.

NETTESHEIM, P.J. (*concurring*). Although I am the author of the majority opinion, I write separately to register some added observations about this case.

We correctly follow the United States Supreme Court's opinion in *Grady v. Corbin*, 495 U.S. 508 (1990), in this case. However, post-*Grady* decisions cast substantial doubt about the continuing vitality of *Grady*. Were it not for *Grady*, or if we had the authority to limit *Grady*, I suggest that a strong case could be made for

affirming the trial court's ruling that Kurzawa's double jeopardy rights are not violated by this successive prosecution.

The state argues that we should interpret *Grady* narrowly, limiting its application to those situations where jeopardy has attached to a clearly smaller offense before the greater offense is later charged. The state notes that the United States Supreme Court itself has noted problems with lower courts overreading *Grady*. In *United States v. Felix*, 112 S.Ct. 1377, *reh'g denied*, 113 S.Ct. 13 (1992), the Supreme Court acknowledged it would decline to read the language [of *Grady*] so expansively, because of the context in which *Grady* arose and because of difficulties which have already arisen in its interpretation. *Felix*, 112 S.Ct. at 1384. Instead, the Supreme Court in *Felix* harkened back to pre-*Grady* law to permit the successive prosecution. *Id.* at 1384-85.

Other jurisdictions have interpreted *Grady* in the narrow manner urged by the state or have otherwise embellished on the *Grady* analysis such that the clear thrust of *Grady* is avoided. *See, e.g., Ladner v. Smith,* 941 F.2d 356 (5th Cir. 1991), *cert. denied,* 112 S.Ct. 1665 (1992), and *Ex Parte Ramos,* 806 S.W.2d 845 (Tex. Crim. App. 1991) (en banc).

However, our principal function as an error-correcting court (*see Hillman v. Columbia County* , 164 Wis. 2d 376, 396, 474 N.W.2d 913, 920 (Ct. App. 1991)) does not permit us to so limit a decision of the United States Supreme Court on a point of federal constitutional law. Therefore, we previously certified this case to the Wisconsin Supreme Court asking that court to take up and clarify the effect, if any, of *Grady* and post-*Grady* decisions on Wisconsin double jeopardy law. However, the supreme court declined to take jurisdiction over this

appeal. We thus are left with *Grady* as the governing statement from the United States Supreme Court.

We also certified to the Wisconsin Supreme Court the question of the proper double jeopardy methodology in this successive prosecution case. In *State v. Sauceda,* 168 Wis. 2d 486, 485 N.W.2d 1 (1992), the supreme court clarified the methodology to be applied when multiple offenses are charged in a single prosecution. First, the multiple offenses are measured under the *Blockburger* [1] "elements only" test. This inquiry asks whether the elements of the multiple charges are the same. If so, double jeopardy exists and the subsequent prosecution is barred. *Sauceda,* 168 Wis. 2d at 493-95, 485 N.W.2d at 4-5.

If not, a presumption exists that the legislature intended to permit cumulative punishments for both offenses, *id.* at 495, 485 N.W.2d at 4, and the inquiry moves to a second level—whether this presumption is overcome by the demonstration of a contrary legislative intent. If so, the legislative intent—*not* double jeopardy principles—will preclude the subsequent prosecution. *See id. See also State v. Grayson,* 172 Wis. 2d 156, 159 & n.3, 493 N.W.2d 23, 25 (1992).

*Grady,* however, does not follow this second prong of the *Sauceda* methodology. Instead, *Grady* asks whether "[t]o establish an essential element of an offense charged . . . [the state] will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady,* 495 U.S. at 521. In our certification, we asked the Wisconsin Supreme Court whether the *Sauceda* methodology or the *Grady* methodology applies in a successive prosecution case. We acknowledged that *Sauceda* concerned multiple charges in a single prosecution, whereas *Grady* was a successive

---

[1] *Blockburger v. United States,* 284 U.S. 299 (1932).

prosecution. We inquired whether such a distinction made any difference.

Again, with the supreme court having declined to take jurisdiction over this appeal, we do not see it as within our powers or function to say that the methodology set out by the United States Supreme Court in the successive prosecution setting of *Grady* does not also apply in this successive prosecution case. Therefore, we see ourselves obliged to follow *Grady*.

However, this leaves the law in a state which, in some cases, permits multiple charges in a single prosecution but forbids such charges in a successive prosecution. In fact, this may well be such a case. If the state had charged Kurzawa in a single prosecution with both forgery and theft by fraud, such would clearly survive the *Blockburger* double jeopardy prong of the test since the elements of the two offenses are different. And, I suggest that such multiple charging might also survive the legislative intent prong of the test under the approach taken by *Sauceda*.[2] Yet, under *Grady*, this prosecution is doomed.

---

[2] I say this because many of the reasons cited by the supreme court to justify the multiple charging in *State v. Sauceda*, 168 Wis. 2d 486, 497-501, 485 N.W.2d 1, 5-7 (1992), are also present in this case: a defendant should not be immunized from criminal responsibility simply because the conduct violates more than one criminal statute or subsection; the criminal offenses of forgery and theft by fraud have been recognized as separate and distinct for many years; and the penalties can be (and are as charged in this case) different.

In addition, unlike *Sauceda* where the elements of the multiple offenses were congruent except for the age of the minor and the state of unconsciousness, here the elements of the offenses have no such congruity. Looking at the forgery side of the coin, the common requirement in each element of forgery is a writing; theft

These possible disparate results make no sense to me. I appreciate the three areas of interest which double jeopardy protects. *See* majority opinion at 773. And I acknowledge that a defendant who is required to defend in a successive prosecution may well suffer a greater constitutional injury than one who is required to defend multiple charges in a single proceeding. **3** However, the difference is in the degree of the constitutional violation—not whether the violation exists in the first place. I question whether different methodologies, allowing for these disparate and illogical results, are required.

In *Sauceda,* the Wisconsin Supreme Court correctly acknowledged the confusion existing in some lower courts as to the applicable double jeopardy test. *Sauceda,* 168 Wis. 2d at 493, 485 N.W.2d at 4. Although *Sauceda* has both its fans and critics as to the merits, the decision is nonetheless helpful to the bench and bar because it resolves any conflict or confusion which may

---

by fraud has no such requirement. Forgery requires that the writing create or transfer legal obligations or rights; theft by fraud does not. Forgery requires that the writing be uttered; theft by fraud does not. Forgery requires that the writing be falsely made or altered; theft by fraud does not. Forgery requires that the defendant know that the writing was falsely made or altered; theft by fraud does not. *See* Wis J I—Criminal 1453, 1492.

On the other side of the coin, theft by fraud requires, *inter alia,* a false representation to the owner or the owner's agent; forgery does not. Theft by fraud requires that the false representation be made with intent to defraud the owner or the owner's agent; forgery does not. Theft by fraud requires that the defendant obtain title to the property by virtue of the misrepresentation; forgery does not (the crime lies in the uttering of the writing, not in the obtaining of the property). And, finally, theft by fraud requires that the owner be defrauded; forgery does not. *Id.*

**3** *See Grady v. Corbin,* 495 U.S. 508, 518 (1990).

have existed under prior case law as to the proper double jeopardy methodology.

The question which remains unanswered is whether the *Sauceda* approach can and should also apply in a successive prosecution case. If so, the prospect of inconsistent results which *Sauceda* and *Grady* presently invite can be avoided. If not, then the bench and bar of this state will at least know that such inconsistency is constitutionally necessary.

In summary, we are obligated to follow the United States Supreme Court's opinion in *Grady*, even though it is an opinion of questionable and declining merit. If it were within the authority of this court, I would urge the application of *Sauceda*, a better reasoned opinion of the Wisconsin Supreme Court.