STATE, Respondent, v. VAN METER, Appellant.

*No. 75–83–CR. Submitted on briefs May 5, 1976.*
*—Decided June 2, 1976.*
(Also reported in 242 N. W. 2d 206.)

For the appellant the cause was submitted on the briefs of *John R. Van Meter,* pro per.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

CONNOR T. HANSEN, J. The record in this case reflects that on December 2, 1974, a traffic citation and complaint was issued in Wood county charging that in the early morning hours on that same date, defendant had fled from an officer contrary to sec. 346.04 (3), Stats. He was subsequently convicted of the charge by jury trial in the county court of Wood county.

Upon defendant's appeal to the circuit court for Wood county, the judgment of conviction was affirmed. In its decision, the court states that, prior to his conviction in Wood county court, defendant had been convicted of the

charge of knowingly fleeing an officer contrary to sec. 346.04 (3), Stats., in the county court of Portage county. It is further stated that the two charges arose from an incident taking place on December 2, 1974, wherein defendant was involved in a high speed chase crossing the county line from Portage county into Wood county. While in Portage county he was chased by a Portage county squad car. After crossing the county line into Wood county, he was pursued by a Wood county squad car.

Although the complaint and judgment of conviction emanating from the Portage county proceedings are not part of the record, it appears to be undisputed that defendant was convicted of two violations of the same statutory section upon charges arising out of the chase which took place on December 2, 1974. There is no record as to the penalty imposed upon conviction for either violation. No transcript has been provided to this court for the proceedings in either Wood county or Portage county. Defendant concedes that it was his decision, in the interest of economy, to forego providing a transcript of proceedings to the circuit court or this court for review.

Determination of a single issue will be dispositive of this appeal.

Do the pleadings, decision, findings and conclusions as reflected by the record before this court sustain the judgment of conviction?

Section 346.04 (3), Stats., for violation of which defendant was convicted in both Portage and Wood counties, provides:

"(3) No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, shall knowingly flee or attempt to elude any traffic officer by wilful or wanton disregard of such signal so as to interfere with or endanger the

operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, nor shall he increase the speed of his vehicle or extinguish the lights of his vehicle in an attempt to elude or flee."

Defendant argues that his prosecution in Wood county is barred by the judgment in Portage county. For this contention, he relies upon the constitutional prohibitions against double jeopardy, as well as two separate sections of the Wisconsin statutes.

The Fifth Amendment to the Constitution of the United States requires, in pertinent part:

". . . ; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; . . . ."

Article I, sec. 8, Wisconsin Constitution provides, in pertinent part:

". . . and no person for the same offence shall be put twice in jeopardy of punishment, . . . ."

This court has recognized the importance of the constitutional guarantee:

". . . The constitutional guaranty protecting a person from double jeopardy is one of the most-fundamental rights in our society. This court will do all in its power to uphold that guaranty. . . ." *State v. Gecht* (1962), 17 Wis. 2d 455, 458, 117 N. W. 2d 340.

The basic issue, then, is what is meant by the term "same offence." *State v. Elbaum* (1972), 54 Wis. 2d 213, 218, 194 N. W. 2d 660. The principal factor which must be considered in regard to the known facts of this case is that defendant was convicted of violating the same statutory section in each of two separate prosecutions, one in Portage county and one in Wood county.

A prosecution for eluding Wood county officers in Wood county is not a prohibited trial "for the same offence" when the defendant had previously been convicted

of eluding Portage county officers in Portage county.

In order for defendant to plead successfully former jeopardy, the offenses charged in the two prosecutions must be identical in the law and in fact. 22 C. J. S., *Criminal Law*, pp. 713, 715, sec. 278 (1). Because defendant has been convicted of two violations of the same statute, identity of legal elements is shown. However, in this case the second portion of the test, identity in fact, can not be shown.

In *State v. George* (1975), 69 Wis. 2d 92, 98, 230 N. W. 2d 253, this court reaffirmed the test for determining existence of double jeopardy as it relates to the facts supporting the separate charges:

"In *Anderson v. State* (1936), 221 Wis. 78, 87, 256 N. W. 210, this court adopted the following test to determine whether, subsequent to a prosecution on an indictment (or complaint), another prosecution on a different indictment (or complaint) would entail a violation of the right against double jeopardy: if ' ". . . 'facts alleged under either of the indictments would, if proved under the other, warrant a conviction under the latter,' . . ." ' double jeopardy is involved. . . ."

*See also:* 22 C. J. S., *Criminal Law*, p. 722, sec. 279.

This emphasizes the importance of having all of the facts in the record for purposes of review. Where the record on appeal contains no transcript, the review on appeal to this court must be limited to whether the pleadings, decision, findings and conclusions sustain the judgment. *De Toro v. DI–LA–CH, Inc.* (1966), 31 Wis. 2d 29, 33, 142 N. W. 2d 192; *Estate of Reynolds* (1964), 24 Wis. 2d 370, 374, 129 N. W. 2d 251; *Perkins v. State* (1973), 61 Wis. 2d 341, 347, 348, 212 N. W. 2d 141. Because none of the evidentiary facts are before this court, it must be assumed that the evidence was amply sufficient to support the verdict in the Wood county case. *Holesome v. State* (1968), 40 Wis. 2d 95, 99, 100, 161

N. W. 2d 283. However, because the statement of facts in the circuit court decision show the existence of the former charge and conviction and are not disputed, the *Holesome v. State, supra,* assumption is extended to the Portage county proceedings.

Therefore, since the record of the Portage county conviction is not before us, we must assume the facts relating to that prosecution are as stated by the trial judge in his decision in the instant case. It follows that defendant has not been put twice in jeopardy for the same offense because proof of facts for conviction for the Wood county offense would not have sustained conviction for the Portage county offense insofar as can be ascertained from the record before this court. The violated statute requires that it must be shown that the defendant was the operator of the vehicle, that he received a visual or audible signal from a traffic officer, or marked police vehicle, and that he knowingly fled or attempted to elude the traffic officer by wilfull or wanton disregard of the signal, so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicle or pedestrians.

The facts in *Madison v. Nickel* (1974), 66 Wis. 2d 71, 83, 223 N. W. 2d 865, show that the defendant therein was convicted on four separate counts of violation of the same city ordinance.

"The defendant contends she could not be found to have violated the ordinance four times because it was a single transaction. The particular magazines in this case were all sold at the same time, to the same person, by the same person, at the same place. Those facts do not preclude a separate finding of a violation of the ordinance and a separate forfeiture on the sale of each magazine. This is so because each magazine is different, and the obscenity *vel non* of each magazine must be determined independently, without regard to the others. . . ."

Similarly, in the instant case, since we must assume the evidence is sufficient for conviction on both charges, proof that defendant had received a signal from the Wood county officers in Wood county and knowingly fled in wilfull disregard of that signal would not have supported a conviction for having received a signal and knowingly fled from Portage county officers in Portage county and of wilfull disregard of that signal, *State v. George, supra.* The existence of the elements as they relate to the Portage county squad car and to the Wood county squad car must have been independently determined, *Madison v. Nickel, supra.*

The reliance of Van Meter on sec. 939.71, Stats., is inappropriate:

"939.71 **Limitation on the number of convictions.** If an act forms the basis for a crime punishable under more than one statutory provision of this state or under a statutory provision of this state and the laws of another jurisdiction, a conviction or acquittal on the merits under one provision bars a subsequent prosecution under the other provision unless each provision requires proof of a fact for conviction which the other does not require."

This section speaks to a situation where the provisions of two or more statutory sections may be contravened by a single criminal act or episode. It prohibits a second prosecution under a separate statutory section, if judgment has been obtained on the first charge relating to the act, unless each requires proof of an element which the other does not. *State v. Elbaum, supra; Melby v. State* (1975), 70 Wis. 2d 368, 379–382, 234 N. W. 2d 634.

A prosecution under sec. 346.04 (3), Stats., occurring in Wood county and involving Wood county law enforcement officers requires proof of facts that are not required for a prosecution under that statutory provision in Portage county and involving Portage county law enforcement officers. It is obvious that prosecution of the Portage

county offense required proof that the defendant was in Portage county and that Portage county officers were involved, whereas the Wood county prosecution required proof that the defendant was in Wood county and was attempting to elude Wood county officers.

Defendant also relies on sec. 345.52 (1), Stats.:

". . . (1) A judgment on the merits in a traffic ordinance action bars any proceeding under a state statute for the same violation. A judgment on the merits in an action under a state statute bars any proceeding under a traffic ordinance enacted in conformity with the state statute for the same violation."

Since we determine that the offenses charged constitute separate violations, sec. 345.52 (1) is inapplicable by reason of the fact that it applies to a single violation.

*By the Court.*—Order affirmed.