STATE of Wisconsin, Plaintiff-Respondent,

v.

William C. SELMON, Defendant-Appellant.

Court of Appeals

*No. 92–1389–CR. Submitted on briefs January 15, 1993.—Decided March 3, 1993.*

(Also reported in 498 N.W.2d 876.)

The cause was submitted on the briefs of defendant-appellant William C. Selmon, *pro se.*

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *James M. Freimuth,* assistant attorney general.

Before Brown, Anderson and Snyder, JJ.

ANDERSON, J.   William C. Selmon appeals from an an amended judgment convicting him of two counts of second-degree sexual assault and from an order denying his motion for postconviction relief. Selmon argues that charging him on two separate counts of second-degree sexual assault in violation of secs. 940.225(2)(a) and (e),[1] Stats. (1987-88), is multiplicitous. Because we conclude that sexual assault of a child is not a lesser included offense of sexual assault with the use of force, we affirm the amended judgment and order.

---

[1] Section 940.225(2)(e), Stats. (1987-88), was repealed by sec. 30, 1987 Wis. Act 332, effective July 1, 1989. Selmon was properly charged and convicted under this section before the effective date of repeal. This section now appears at sec. 948.02(2), Stats.

159

On the morning of February 17, 1989, Selmon entered the room of his fifteen-year-old stepdaughter, Charlene C. He slapped Charlene C. and pinned her to the bed. A struggle began and Selmon continued to slap Charlene C. and began removing her clothing. While pinning Charlene C. to the bed, Selmon touched and licked her breasts and vaginal area. This activity continued for approximately ten to fifteen minutes; Charlene C. struggled with Selmon and screamed for help. Police responded after a neighbor reported hearing the victim's screams. Charlene C. told the police that the defendant had raped her.

The police arrested Selmon and charged him with four counts of second-degree sexual assault in violation of sec. 940.225(2)(a) and (e), Stats., and as a repeater, in violation of sec. 939.62, Stats. (1987-88). A jury found Selmon guilty of all four counts. After sentencing, Selmon appealed his conviction to this court. In an unpublished *per curiam* decision we reversed and remanded the conviction. We concluded that charging Selmon separately for sexual contact with the victim's breasts and vaginal area was multiplicitous.[2] In that appeal Selmon did not dispute that the state had authority to charge him with a violation of sec. 940.225(2)(a), based on the use of force and a violation of sec. 940.225(2)(e), based on the age of the victim.

Upon remand the circuit court vacated the convictions for two counts relating to Selmon's sexual contact with Charlene C.'s breasts. The circuit court resentenced Selmon on two counts relating to his sexual contact with the victim's vaginal area. Selmon then filed a postconviction motion alleging that separate convictions for the

---

[2] *State v. Selmon,* No. 90-1292-CR, unpublished slip op. (Wis. Ct. App. Feb. 13, 1991).

remaining two counts violated his right to freedom from double jeopardy. The trial judge denied the motion.

Multiple convictions for the same offense violate the double jeopardy protections of the state and federal constitutions.[3] *State v. Sauceda*, 168 Wis. 2d 486, 492, 485 N.W.2d 1, 3 (1992). Determining whether multiple charges violate constitutional protections presents a question of law to be reviewed *de novo*. *State v. Kanarowski*, 170 Wis. 2d 504, 509, 489 N.W.2d 660, 662 (Ct. App. 1992).

Wisconsin uses a two-prong test to analyze problems of multiplicity. *Sauceda*, 168 Wis. 2d at 493, 485 N.W.2d at 4. First, we apply the *Blockburger v. United States*, 284 U.S. 299 (1932), "elements-only" test. *Sauceda* at 493, 485 N.W.2d at 4. If the statutes involved meet the rigors of that test, a presumption arises that the legislature intended to permit cumulative convictions in accordance with those statutes, unless other factors clearly indicate otherwise. *See State v. Kuntz*, 160 Wis. 2d 722, 755, 467 N.W.2d 531, 544 (1991). Therefore, we review the legislative intent under the second prong of the test to learn whether contrary factors exist. *Sauceda*, 168 Wis. 2d at 495, 485 N.W.2d at 4-5.

Under the *Blockburger* "elements-only" test, the "lesser offense must be statutorily included in the greater offense and contain no element in addition to the ele-

---

[3] The fifth amendment to the United States Constitution states: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Article I, sec. 8 of the Wisconsin Constitution similarly provides that "no person for the same offense may be put twice in jeopardy of punishment."

161

ments constituting the greater offense." *State v. Carrington*, 134 Wis. 2d 260, 265, 397 N.W.2d 484, 486 (1986). It must be "utterly impossible" to commit the greater crime without committing the lesser. *Randolph v. State*, 83 Wis. 2d 630, 645, 266 N.W.2d 334, 341 (1978). The inquiry is a purely legal analysis of the statutes involved with no deference given to the facts of the specific case. *See Carrington*, 134 Wis. 2d at 265, 397 N.W.2d at 486.

The offense of second-degree sexual assault with the use of force, sec. 940.225(2)(a), Stats., is satisfied if a person "[h]as sexual contact or sexual intercourse with another person without consent of that person by use or threat of force or violence." In contrast, the offense of second-degree sexual assault of a child, sec. 940.225(2)(e), is committed if a person "[h]as sexual contact or sexual intercourse with a person who is over the age of 12 years and under the age of 16 years."

Selmon claims that sexual assault of a child is a lesser included offense of sexual assault with the use of force; that it is impossible to commit the latter without committing the former crime. He specifically asserts that under sec. 940.225(2)(e), Stats., proof that the victim is under the age of sixteen necessarily proves that the victim could not have given consent. Thus, the requisite element of consent under sec. 940.225(2)(a) is met, leaving only the element of force to be established.

We disagree with Selmon's assertion. Under sec. 940.225(2)(e), Stats., it is necessary to prove that the victim was over the age of twelve but under the age of sixteen. The issue of consent of the minor is not relevant to a determination of whether sexual assault of a child is a lesser included offense of sexual assault with the use of

162

force. Assuming *arguendo* that the law presumes non-consent when an individual is a child, sec. 940.225(2)(e) nevertheless expressly requires a showing that the victim was from the age of twelve to sixteen. Section 940.225(2)(a) does not require the state to prove the age of the victim. It follows that sexual assault of a child is not a lesser included offense of sexual assault with the use of force. Sexual assault of a child contains an element, the age of the victim, additional to the elements in sexual assault with force.

We now turn to a review of whether other factors show legislative intent not to allow cumulative convictions under sec. 940.225(2)(a) and (e), Stats. In making a determination whether contrary factors exist, consideration is given to the language of the statutes, the legislative history, the nature of the proscribed conduct, and the appropriateness of multiple punishment. *Sauceda,* 168 Wis. 2d at 497, 485 N.W.2d at 5.

Section 939.66, Stats. (1987-88), reflects the legislature's definition of lesser included offenses. Section 939.66(1) provides that "[a] crime which does not require proof of any fact in addition to those which must be proved for the crime charged" qualifies as a lesser included.[4]

In addition, sec. 939.66(2) through (6), Stats., designates a handful of other crimes as lesser included offenses although they do not qualify under sec. 939.66(1) as such. Section 939.66(6) refers to sec. 940.225(2), Stats., under which Selmon was charged and

[4] Section 939.66(1), Stats. (1987-88), is a codification of the "elements-only" test set forth in *Blockburger v. United States,* 284 U.S. 299 (1932).

163

convicted.[5] There is nothing in the language of sec. 939.66 that reflects a legislative intent to prevent the state from charging separate counts and obtaining separate convictions under the various provisions of sec. 940.225(2).

Wisconsin has historically recognized sexual assault with the use of force and sexual assault contingent upon age as separate offenses. Different statutory provisions describe both offenses; the former constituted rape,[6] the latter rape of a child.[7] Under this statutory scheme it was possible to commit one type of sexual assault without committing the other. When the victim was under the age of ten force was irrelevant to the sexual assault; when the victim was over the age of ten a sexual assault could only occur if force was used.

The legislature made a concerted effort to create statutory provisions through which both the use of force and the age of the victim operated independently. The changes made it possible to commit both sexual assault on a child and sexual assault with the use of force. Section 944.01(1), Stats. (1955), made it a crime for any

---

[5] Section 939.66(6), Stats., specifically provides that an included crime may include "[t]he crime specified in s. 940.285 when the crime charged is specified in s. 940.19(1m), (2) or (3), 940.225(1), (2) or (3) or s. 940.30."

[6] Section 39, ch. 133, Stats. (1849), provides: "If any person shall ravish and carnally know any female of the age of ten years or more, *by force* and against her will, he shall be punished by imprisonment in the state prison, not more than thirty years nor less than ten years . . .." (Emphasis added.)

[7] Section 40, ch. 133, Stats. (1849), states: "If any person shall unlawfully and carnally know and abuse any female child *under the age of ten years,* he shall be punished by imprisonment in the state prison for life." (Emphasis added.)

male to have "sexual intercourse with a female he knows is not his wife, by force and against her will," regardless of her age. Additionally, a separate statutory provision provided for sexual intercourse with a child. *See* sec. 944.10, Stats. (1955). In this revision the legislature recognized two distinct groups of victims: those assaulted through the use of force and those assaulted due to age. The 1987-88 statutes continued this distinction. Section 940.225(2)(a), Stats., encompasses sexual assault by force and operates independently of sec. 940.225(2)(e), which proscribes sexual contact with a child under the age of sixteen. This statutory development, from a scheme that precluded the possibility of committing both the crime of sexual assault of a child and sexual assault with the use of force to a scheme that permits committing both offenses, leads us to the conclusion that the legislature intended multiple punishments for those crimes.

Finally, we consider the nature of the proscribed conduct and the appropriateness of multiple punishment. Section 940.225(2)(a) and (e), Stats., proscribes different types of conduct independent of one another. It is wholly possible to commit sexual assault with the use of force and not commit sexual assault of a child under the age of sixteen. Conversely, sexual assault of a child does not require the use of force.

Similarly, in considering the appropriateness of multiple punishment, three factors are important: whether there is a single act or course of conduct, whether the two grounds are significantly different enough to merit separate punishments, and whether the statutes are intended to protect different interests of the

victim or public. *State v. Bohacheff,* 114 Wis. 2d 402, 416, 338 N.W.2d 466, 473 (1983).

Selmon engaged in one schematic act; he had sexual contact with the vaginal area of the victim. Still, it is not merely the act that distinguishes the offenses involved. The circumstances in which he engaged in the activity are as important as well. The act itself involved the use of force; the fact that the victim was under the age of sixteen is incidental to the use of force. The offenses are distinct in that the act is not dependent upon the circumstances involved.

We next review the act in light of the surrounding circumstances and we consider the fact that the victim was under the age of sixteen. We find that because sexual assault with the use of force is premised upon the act of force while sexual assault of a child is dependent on the circumstances irrespective of the act, the grounds for the two offenses are sufficiently different to merit separate punishment.

To complete our review, we take up the issue of whether the legislature intended to protect different interests of the victim or public. Clearly, sexual assault is a general invasion of bodily integrity. *See Sauceda,* 168 Wis. 2d at 497, 485 N.W.2d at 5-6. The general nature of sexual assault has not prevented the legislature from distinguishing between its different forms in order to protect different interests. Sexual assault with the use of force, under sec. 940.225(2)(a), Stats., proscribes conduct that is violent aside from the sexual contact itself. Irrespective of the legislature's intent to protect society from violence, sec. 940.225(2)(e) proscribes sexual contact with individuals under the age of sixteen to protect those children not only from violent physical contact, but from sexual contact at a premature age. Therefore, we find that clearly diverse interests are protected.

Our examination of the defendant's claim leads us to conclude that the legislature intended to permit multiple punishments for sexual assault with the use of force, sec. 940.225(2)(a), Stats., and sexual assault of a child under the age of sixteen, sec. 940.225(2)(e). Accordingly, we affirm the amended judgment convicting Selmon of two counts of second-degree sexual assault and the order denying his motion for postconviction relief.

*By the Court.*—Judgment and order affirmed.