IN the INTEREST OF CRAIG S.G., a person under the age of 18:

CRAIG S.G., Respondent-Appellant

v.

STATE of Wisconsin, Petitioner-Respondent.

Court of Appeals

*No. 96–0761. Submitted on briefs November 10, 1996.—Decided February 19, 1997.*

(Also reported in 561 N.W.2d 807.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Joseph Smith, Jr.*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Clarice R. Perkins*, assistant district attorney.

Before Snyder, P.J., Brown and Anderson, JJ.

SNYDER, P.J. Craig S.G. appeals from a juvenile waiver order in which a ch. 48, STATS., court found that it was not in Craig's best interests for it to hear the matter and waived Craig into adult court.[1] He now

---

[1] While on formal supervision, a delinquency petition was filed alleging that Craig had violated § 161.41(1m)(h)1, STATS., 1993-94 (possession of a controlled substance with intent to deliver). The State then filed a Petition for Waiver of Jurisdiction as well as an underlying delinquency petition.

appeals the waiver on the grounds that it was granted subsequent to the juvenile court's imposition of a sanction of ten days secure detention for the underlying violation, and argues that an adjudication of the identical crime in adult court subjects him to double jeopardy. We disagree, and therefore affirm the waiver.

On December 13, 1994, after being adjudicated delinquent for criminal damage to property, Craig was placed on formal supervision for a year.[2] As a condition of supervision, Craig was not to have any further law violations. However, on September 8, 1995, police executed a search warrant for Craig's home and found Craig and two other individuals in the process of dividing 100.8 grams of marijuana. As a result, the State filed both delinquency and waiver petitions and requested the imposition of sanctions.

A sanctions hearing was held; Craig admitted to the violation, and the juvenile court imposed a sanction of ten days secure detention. The sanction, however, was stayed and Craig was allowed an opportunity to purge two days per week for five weeks. Craig successfully completed this purge and did not serve any time in secure detention.

A waiver hearing was subsequently held and the State's petition for waiver was granted. Craig now appeals the waiver, contending that because of the earlier imposition of sanctions by the juvenile court for the

---

[2] Craig had previously been placed on a year of formal supervision beginning January 13, 1994, after being found delinquent for reckless endangerment. Subsequent to that, Craig was placed on a year of formal supervision beginning April 28, 1994, because of two counts of disorderly conduct and one count of possession of marijuana. At the time of the petition which underpins this case, Craig was in his third period of formal supervision.

same offense, the waiver into adult court subjects him to double jeopardy.

The question of whether an individual's double jeopardy protections have been violated is a question of law and we therefore owe no deference to the lower court's decision. *See State v. Sauceda,* 168 Wis. 2d 486, 492, 485 N.W.2d 1, 3 (1992). The double jeopardy clause is intended to provide protection against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See id.* The instant case deals with a claim that the third protection has been violated. *See id.*

Double jeopardy bars additional punishment and successive prosecutions for the same offense. *See United States v. Dixon,* 509 U.S. 688, 698 (1993). There is no dispute in the instant case that Craig's actions which led to the charged crime of possession with intent to deliver a controlled substance resulted in both a sanction by the juvenile court and the waiver into adult court. However, the pivotal and controlling question is whether the sanction imposed by the ch. 48, STATS., court is punishment. If it is not, double jeopardy concerns are erased.

Section 48.355(6), STATS., 1993-94,[3] provides in relevant part:

> **(6)** SANCTIONS FOR VIOLATION OF ORDER. (a) If a child who has been adjudged delinquent violates a condition specified in [the dispositional order] the

---

[3] This section has been repealed by 1995 Wis. Act 77, § 288. The new section which contains many of the same provisions is § 938.355, STATS. *See* 1995 Wis. Act 77, § 629. The changes do not affect our analysis of the pertinent portions of § 48.355(6), STATS., 1993-94.

court may impose on the child one of the sanctions specified in par. (d) . . . .

. . . .

(d) The court may order any one of the following sanctions:

1. Placement of the child in a secure detention facility . . . for not more than 10 days . . . .

The intent of the Children's Code in Wisconsin is to "substitute a program of supervision, care and rehabilitation for the consequences of a delinquent's behavior that would otherwise be criminal." *State v. B.S.,* 162 Wis. 2d 378, 392, 469 N.W.2d 860, 865 (Ct. App. 1991). The purpose of the juvenile dispositional order is to "employ those means necessary to maintain and protect the child's well-being" while assuring the care and treatment of the child. *See id.* at 392, 469 N.W.2d at 865-66 (quoting § 48.355(1), STATS.). We noted in *B.S.* that since the state was permitted to impose conditions with which the child must comply, it was also necessary for the state to have some means to enforce those conditions. *See id.* at 393, 469 N.W.2d at 866. Our analysis in that case further determined that § 48.355(6) is "devoid of language indicating that its purpose is punitive." *See B.S.,* 162 Wis. 2d at 393, 469 N.W.2d at 866. We further stated that to find juvenile sanctions punitive would be inconsistent with the entire purpose of the Children's Code. *See id.* "The power of the juvenile court to impose sanctions under sec. 48.355, Stats., is not the power to punish." *B.S.,* 162 Wis. 2d at 393, 469 N.W.2d at 866.

The imposition of a sanction is the power given a juvenile court to "coerce a recalcitrant child to comply with the conditions stated in the court's dispositional order." *See id.* at 394, 469 N.W.2d at 866. Sanctions are

provided by the juvenile code to further the objectives of a specific dispositional order and to give the court a means of control over the child which would not otherwise exist.

Having determined that the use of sanctions by a children's court is not intended as a punitive action according to our analysis in *B.S.*, we now consider whether, under the facts here presented, Craig was nonetheless subjected to the risk of successive punishments by the waiver as he claims.

The juvenile court imposed ten days of secure detention on Craig as a sanction for his violation of the dispositional order. However, the sanction order also followed the parties' recommendation that Craig be given an opportunity to purge the sanction, two days per week, if he successfully complied with certain guidelines. In fact, Craig successfully completed the purge and did not spend any time in secure detention. Based on the foregoing, we conclude that Craig has not been subjected to double jeopardy by the waiver into adult court.

Craig claims that under our analysis, "[N]one of the consequences of a Juvenile Court Proceeding would involve punishment; and, therefore, none of the consequences of a Juvenile Court Proceeding would invoke the Double Jeopardy bar." Craig then argues that this approach was rejected by the Supreme Court in *Breed v. Jones*, 421 U.S. 519 (1975).

Craig misreads *Breed*; the *Breed* Court's analysis is distinguishable. The Supreme Court there stated that it could not conclude that "a juvenile is not put in jeopardy at a proceeding whose object is to determine whether he has committed acts that violate a criminal law *and whose potential consequences include both the stigma inherent in such a determination and the depri-*

*vation of liberty for many years*." *Id.* at 529 (emphasis added). A juvenile sanction does not result in a "deprivation of liberty for many years." *See id.* At most, a juvenile sanction under the Children's Code *may* result in the loss of liberty for ten days. *See* § 48.355(6)(d)1, STATS., 1993-94. In Craig's case, even that did not occur.[4]

■

The order for ten days of secure detention was used here to "coerce [Craig] to comply with the conditions stated in the court's dispositional order." *See B.S.,* 162 Wis. 2d at 394, 469 N.W.2d at 866. The court utilized the sanction to achieve a five-week period of compliance, and presumably to assist Craig in beginning a pattern of conforming his behavior to that required by the dispositional order. The sanction did not operate as punishment; therefore, the waiver into adult court did not subject Craig to double jeopardy.

*By the Court.*—Order affirmed.

■■■■■

---

[4] We note, however, that we do not reach the question of whether the imposition of a straight ten days of secure detention could be punitive rather than remedial in its application. Rather, we follow our reasoning in *State v. B.S.,* 162 Wis. 2d 378, 469 N.W.2d 860 (Ct. App. 1991), that the sanctions statute is not intended to punish, and couple that holding with the application of the sanction in this case in reaching our conclusion.